# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

910 Franklin Avenue
Suite 200
Garden City, NY 11530
Tel. No. 516.248.5550
Fax No. 516.248.6027

September 18, 2020

*Via ECF*
The Honorable Lewis J. Liman
United States District Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED. Defendant shall respond to Plaintiff's request for documents and interrogatories by October 5, 2020.

SO ORDERED.
9/23/2020

SO ORDERED.
LEWIS J. LIMAN
United States District Judge

   Re: *Linares et al. v. Mirso Lekic, et al.,*
      <u>Docket No.: 20-cv-01408-LJL</u>

Dear Judge Liman:

  This firm represents named-Plaintiffs Joaquin Linares and Jose Reyes, and the opt-in Plaintiff Benigo Argudo (together as "Plaintiffs"), in the above-referenced putative collective action alleging wage and hour violations against their former employers, Mirso Lekic, individually, and 45 Tudor Restaurant LLC d/b/a Tudor City Steakhouse ("Defendants"), under the Fair Labor Standards Act and the New York Labor Law.  We write pursuant to Rule 4.B of Your Honor's Individual Practices in Civil Cases, and pursuant to Rule 37.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), to seek an order compelling Defendants to immediately participate in discovery in this matter by providing overdue responses to Plaintiff's various requests as well as their outstanding Initial Disclosures.

  Specifically, on July 20, 2020, Plaintiffs served Defendants with a corrected version of their First Set of Document Request and Interrogatories to replace a set of requests that they had previously served on July 14, 2020. *See* Exhibit A.  Thus, Defendants' responses to the corrected requests were due no later than August 19, 2020, yet Defendants produced neither responses nor documents nor objections.  As a result, on August 26, 2020, the undersigned emailed opposing counsel informing him that Defendants' responses were overdue and inquiring whether Defendants intended to respond, to which Defendants' counsel informed the undersigned that "[I] will follow up."  On September 3, 2020, after not receiving Defendants' responses or any timeframe by when Plaintiffs could expect those responses, the undersigned emailed opposing counsel again and demanded that Defendants respond to Plaintiffs' discovery requests or Plaintiffs would proceed

with a motion to compel. The undersigned also reminded opposing counsel that Defendants' Rule 26 Initial Disclosures were still outstanding and requested that Defendants produce those as well by the following week. That same day, opposing counsel responded that he would not be able to provide responses by Friday in light of the Labor Day holiday, that he had followed up with his client, and that would get back to the undersigned the following week.

Earlier today, on September 18, 2020, after still not receiving a response from Defendants or a follow-up from opposing counsel, consistent with Rule 4.B of Your Honor's Individual Practices in Civil Cases, the undersigned conducted a meet-and-confer teleconference with Defendants' counsel, Mr. Michael Seigel, Esq. During that call, Mr. Seigel represented that he still has not received any documents from his clients relevant to this matter and is therefore unable to prepare answers and produce responsive documents or interrogatory responses to Plaintiffs' outstanding requests, or even Defendants' mandatory Rule 26 disclosures. Mr. Seigel further informed the undersigned that he could not provide a date by when he would receive any information from his clients or responsive documents from Defendants.

While Plaintiffs understand the toll that the pandemic has taken on the restaurant industry, this Court has set a discovery schedule with a December 15, 2020 deadline to complete all fact discovery. In light of the foregoing, Plaintiffs request that the Court enter an order compelling Defendants to respond to Plaintiffs' discovery requests and to serve their Initial Disclosures by September 25, 2020, or be subject to sanctions pursuant to Rule 37, including without limitation striking Defendants' Answer and entering a default judgment against Defendants.

We thank the Court for its time and attention to this matter.

                                          Respectfully submitted,

                                          Caitlin Duffy, Esq.
                                            *For the Firm*

Copies to:      Counsel for Defendants (*via* ECF)

# Exhibit A

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
NEW YORK
------------------------------------------------------------X
JOAQUIN LINARES and JOSE REYES,
on behalf of themselves, individually,
and on behalf of all others similarly-situated,   Docket No.: 20-cv-1408 (LJL)

                        Plaintiffs,

    -against-

MIRSO LEKIC, individually, and
45 TUDOR RESTAURANT LLC d/b/a
TUDOR CITY STEAKHOUSE,

                        Defendants.
------------------------------------------------------------X

## PLAINTIFFS' CORRECTED FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Joaquin Linares ("Linares"), Jose Reyes ("Reyes"), and opt-in Plaintiff Benigno Argudo ("Argudo") on behalf of themselves, individually, and on behalf of all others similarly-situated ("Plaintiffs"), by and through their attorneys, hereby request that MIRSO LEKIC ("LEKIC"), individually, and 45 Tudor Restaurant LLC d/b/a Tudor City Steakhouse ("Tudor") by an officer or agent thereof, (collectively as "Defendants"), produce the documents requested herein for the purposes of inspection and copying within thirty days after service hereof, in accordance with the instructions and definitions below. Plaintiffs further request that Defendants serve written answers to the following interrogatories, under oath, within thirty days after service hereof and in accordance with the definitions and instructions below. If the answer to any interrogatory is contained in a record, document, computer disk, or any other written or recorded material, Plaintiffs request that, pursuant to FED. R. CIV. P. 34, each such document, record,

1

computer disk or other written or recorded material be attached to the answers to these interrogatories or be made available for inspection and copying within thirty days after service hereof.

## INSTRUCTIONS FOR ANSWERING

A. You are required to obtain and furnish all information available to you and any of your representatives, divisions, employees, agents, brokers or servants and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents or servants.

B. Each request that seeks information relating in any way to communications from or within a business or corporate entity, is hereby designated to demand and should be construed to include all communications by and between representatives, employees, agents, brokers or servants of the business or corporate entity.

C. Each request should be responded to separately. However, a document, which is responsive to more than one request, may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

D. Pursuant to FED. R. CIV. P. 34(b), all documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of these requests, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken. In addition, any documents being produced electronically should be produced in accordance with section E below.

E. Electronic Discovery - With respect to all emails responsive to Plaintiffs' document requests, they should be produced with .msg or .pst file extensions, preferably .msg.

With respect to all printed emails responsive to Plaintiffs' document requests, they should be printed with a full header.

With respect to those documents responsive to Plaintiffs' document requests that are saved as a pdf file, they should be produced in that format, not as a scanned copy of the saved pdf.

With respect to those documents responsive to Plaintiffs' document requests, they should be

produced in native electronic format which could include any of the following formats: .doc, .docx, .txt, .rtf, .dot, .htm, .pptx, .ppt, .pps, .xlxs, .xls, .csv, .xml, .txt, .mht, .prn, .dif and/or .slk

With respect to any documents that have been scanned, describe when they were scanned and who directed them to be scanned and produce them in their original scanned format which could include any of the following formats: .jpg, .jpeg, .tif, .tiff, .pict and/or .pdf.

Without intending to be exhaustive, Defendants' search for documents responsive to Plaintiffs' requests should include a search of the files and records of the Defendants, during the Relevant Period as that term is defined below. Additionally, the desktop computers, laptops, pda's and all other electronic platforms of the Defendants, including the individually-named Defendant, should be searched for responsive documents. It also should be determined from the corporate Defendant whether their individual employees, including the individually-named Defendant, used any personal electronic platform to communicate regarding any aspect of this matter, and if so, any such electronic platform should be searched for responsive documents.

F. If any document responsive to these requests is withheld based on a claim of privilege or other protection, for each such document: (1) identify the withheld document--including its general subject matter, its date, its author and its addressee; (2) state the privilege or other grounds for withholding the document; and (3) state the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim.

G. If you object to part of any request, please furnish documents responsive to the remainder of the request.

H. All documents produced in response to these requests shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

I. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.

J. With respect to any document requested which was once in your possession, custody or control, but no longer is, please indicate the date the document ceased to be in your possession, custody or control, the manner in which it ceased to be in your possession, custody and control and the name and address of its present custodian.

K. These requests are continuing in nature and require a continuing duty to promptly supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

3

L.  Unless otherwise indicated, each request is to be construed as encompassing all documents that pertain to the stated subject matter and to events that transpired between six years prior to the filing of the Complaint to the present.

## **DEFINITIONS**

A.  All definitions and rules of construction set forth in the Federal Rules of Civil Procedure shall apply to all requests herein.

B.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

C.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all response(s) that might otherwise be construed to be outside of its scope.

D.  The terms "You," and "Your," and "Yourself" as used herein shall mean and refer to the Defendants.

E.  The use of the singular shall include the plural and vice versa and the masculine form of any word includes the feminine and vice versa.

F.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G.  The term "Relating to" as used herein shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

H.  The term "Communication," as used herein, shall mean the transmittal of information, (in the form of facts, ideas, inquiries or otherwise).

I.  The term "Document" or "Documents" as used herein, shall include the original and any copy of all written, printed, typed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tape, film, electronic facsimile, computer storage devices (such as discs or hard drives), computer generated electronic mail ("e-mail"), in your possession custody or control. It includes without limitation: letters, memoranda, (whether of visits, telephone calls or otherwise), appointment calendars, schedules, books, indices, printed forms (whether official or unofficial), publication, press releases, notices, brochures, pamphlets, guidelines, manuals, instructions, minutes, summaries, abstracts, reports, files, file jackets, transcripts, data

4

processing cards, computer tapes, printouts, information contained in, on, or retrievable from computer hard drives, information contained in, on, or retrievable from computer electronic mail systems ("e-mail" systems), bulletins, written questions and answers, charts, exhibits, blueprints, drawings, diagrams, graphs, tables, photographs, recordings, speeches, telegrams, cables, telex messages, microfilm, opinions, studies, papers, analyses, evaluations, proposals, budget materials, invoices, financial statements, contracts, specifications, applications, motions, petitions, complaints, answers, responses, replies, protests, verified statements, hearing transcripts, attachments, filings, submissions and pleadings. The term "document" or "documents" also shall include each copy that is not identical to the original and any preliminary drafts of any document or working papers related thereto.

J. All scanned paper, e-mail and native file collections should be converted/processed to PDF files, Bates numbered, and include fully searchable text. Additionally, email, Excel, and native file collections should converted to fully searchable PDFs.

K. The term "Person" or "Persons," as used herein, shall include any natural person, or any business, legal, or governmental entity or association.

L. The term "Identify," as used herein, in reference to any natural person, means to provide the following information: his or her full name, present or last known address, and present or last known place of employment.

M. The term "Identify," as used herein, in reference to any person other than a natural person, shall include: its name, its present or last known address of its principal place of business, its legal status and the governmental entity under whose laws it is organized and/or operating.

N. The term "Identify," as used herein, in reference to any document or written communication, means to provide the following information: (i) the type of document, (ii) general subject matter, (iii) date of the document and (iv) author(s), addressee(s) and recipient(s).

O. The term "Each" as used herein shall be construed to mean "All" and the term "All" as used herein shall be construed to mean "Each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P. The term "Opt-in Plaintiff" as used herein shall mean and refer the individual who - - pursuant to the Fair Labor Standards Act § 216(b) collective in this matter - - submitted a consent to join form, thereby joining this action.

Q. The terms "Plaintiffs" and "Defendants," as used herein, as well as a party's full or abbreviated name or a pronoun referring to a party means the party and its officer, directors, employees,

5

partners, corporate parent, subsidiaries or affiliates.

R.  If an answer or document is withheld based on a claim or privilege or other protection, for each such answer or document: (1) identify the privilege and the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim; (2) if a document, identify it by its general subject matter, its date, its author and its addressee.

S.  "Complaint" or "Action" shall mean the Complaint filed by Plaintiffs Linares and Reyes on February 18, 2020 and any amended version thereof.

T.  The term "time-keeping/time-recording system" refers to any electronic or non-electronic, *e.g.*: log book, sign-in/sign-out sheet, or punch clock, system used by Defendants for tracking Plaintiff's and Defendants' employees workplace entrance and egress times, as well as hours worked by Plaintiff and Defendants' employees, among other data that Defendants are required by law to maintain.

U.  As used herein, "FLSA" shall mean the Fair Labor Standards Act and constitute every section cited in the Complaint.

V.  As used herein, "NYLL" shall mean the New York Labor Law and constitute every section cited in the Complaint.

W.  As used herein, "NYCRR" shall mean the New York Codes, Rules and Regulations and constitute every section cited in the Complaint.

X.  As used herein, the term "wage statement" shall mean and refer to the wage statement described in NYLL section 195.

**TIME PERIOD**: Unless otherwise indicated, and for purposes of these requests alone, each request is limited to the "Relevant Period" of February 18, 2014 to the Present.

**MEANS OF PRODUCTION**: Each document produced shall be produced in electronic readable format. All electronic documents shall be produced both as static .PDF documents, and in native format, with electronically stored information (e.g., metadata) intact and produced. Further, documents should be separated by which request the document relates to, or, should it relate to numerous requests, this should be designated in the file's electronic title. All releases should be provided in hard copy as originals.

**INTERROGATORIES**: Each question should be answered by <u>each</u> Defendant and a verification of the individual Defendant's answers should be affixed to the interrogatory responses, as well as verification from an individual authorized to provide such a verification on behalf of the corporate

6

Defendant.

## DOCUMENTS REQUESTED

**Document Request No. 1:**   Defendants Initial Disclosures.

**Document Request No. 2:**   Documents concerning the corporate structure of Defendant Tudor, including but not limited to documents identifying all parents, subsidiaries, divisions, affiliates, joint ventures, alliances, associations, franchise agreements and partnerships involving Defendant Lekic.

**Document Request No. 3:**   The organizational charts for Tudor and all its parents, subsidiaries, divisions, affiliates, joint ventures, alliances, associations, franchise agreements, partnerships, and other restaurants owned or operated by Lekic.

**Document Request No. 4:**   Documents concerning the ownership interest in Tudor.

**Document Request No. 5:**   Documents concerning the financial condition and/or financial performance of Tudor from 2014 to the present, including but not limited to, financial statements, compilations, auditor reports, annual reports, tax returns, income statements, profit and loss statements, daily reports of any kind provided by any management official employed by Tudor, bank statements, statements, and balance sheets during the Relevant Time Period.

**Document Request No. 6:**   The Personnel file for Linares, Reyes, Argudo, and any other Plaintiff that opts in to this lawsuit.

**Document Request No. 7:**   Defendants' payroll records for Linares, Reyes, Argudo, and any other Plaintiff that opts in to this lawsuit.

**Document Request No. 8:**   During the Relevant Time Period, the purchase orders and delivery receipts for the materials purchased by Tudor.

**Document Request No. 9:** Documents concerning any communications with any individual from whom Defendants have obtained or expect to obtain a written or oral statement concerning the facts, allegations and claims involved in this case, including but not limited to, a copy of the statement and any notes or drafts of that statement.

**Document Request No. 10:** The records concerning Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit reflecting Plaintiffs' work time, recorded by them, or by others on behalf of them, or time credited to Plaintiffs, included but not limited to, log-in or sign-in times, log-out or sign-out times, workplace entrance or egress times, work schedules, computerized time records, time card records, time records Defendants have been statutorily required to keep, and other documents indicating the times Plaintiffs performed work by calendar date.

**Document Request No. 11:** Documents concerning Defendants' policies, practices and procedures concerning the hours of operation for Tudor and Four Cuts and the days of the week that work may be performed by Defendants' employees.

**Document Request No. 12:** Documents concerning Defendants' policies, practices and procedures concerning payment of wages and overtime wages.

**Document Request No. 13:** Documents that refer or relate to any purported NYLL § 195(3) wage statement provided by Defedants to Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit.

**Document Request No. 14:** Documents concerning the schedule (including the day, start time, end time), for Linares, Reyes, Argudo and any opt-in Plaintiff to work each workweek that they worked at Tudor, Four Cuts, or any other restaurant owned and/or operated by Lekic.

8

**Document Request No. 15:**   Documents concerning how Defendants define workweek for their employees.

**Document Request No. 16:**   The time sheets, schedules, sign in sheets, punch in or punch out records, phone records, hand written notes, or other documents concerning the hours Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit worked each workweek for Defendants.

**Document Request No. 17:**   Documents concerning the total hours worked each workweek that Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit worked for Defendants, including but not limited to such things as work schedules, time cards, pay stubs, punch cards, and/or time sheets.

**Document Request No. 18:**   Documents concerning the rate of pay that Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit received from the Defendants.

**Document Request No. 19:**   Documents concerning any and all overtime paid Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit during their employment.

**Document Request No. 20:**   Documents concerning any agreements between Defendants and Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit about payment of overtime by Defendants.

**Document Request No. 21:**   Documents concerning total overtime earnings for each workweek paid to Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit during their employment.

**Document Request No. 22:**   Documents, including but not limited to, forms, books, ledgers, etc., used to record hours worked and/or wages paid to any employee of Defendants, including Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit, during their employment.

**Document Request No. 23:**     Documents sufficient to reflect the job duties and responsibilities of Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit during the Relevant Time Period.

**Document Request No. 24:**     Documents, including but not limited to, text messages, handwritten notes, recordings, diaries, emails, social media communications and/or any and all other forms of notes and/or communications between Defendants and Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit.

**Document Request No. 25:**     Documents that Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit provided to the Defendants upon their hire.

**Document Request No. 26:**     Documents that Defendants provided to Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit upon their hire.

**Document Request No. 27:**     All employee handbooks, guidelines, or rules of Defendant Tudor that during the Relevant Time Period.

**Document Request No. 28:**     Documents which support or refute Defendants' Affirmative Defenses provided in the Answer.

**Document Request No. 29:**     Documents reflecting the dates upon which Defendants paid Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit their weekly earnings.

**Document Request No. 30:**     Documents reflecting any payments by Defendants to Linares, Reyes, Argudo and any opt-in Plaintiff that joins this lawsuit that Defendants' bank returned because the account from which the check was cashed had nonsufficient funds.

**Document Request No. 31:**     Documents concerning the time-recording/time-keeping systems in use by Tudor or Lekic at any other restaurant that he owns or operates during the Relevant Time Period.

10

**Document Request No. 32:** Documents concerning insurance agreements, policies and/or coverage that Defendants have for any liability arising from its employment practices, including Plaintiffs' claims in the Complaint.

**Document Request No. 33:** Documents concerning any state or federal Department of Labor investigation concerning the Defendants' compensation practices including, but not limited to the wages paid to their employees, their timekeeping practices, and their overtime practices.

**Document Request No. 34:** All documents concerning any prior lawsuits brought under the FLSA or NYLL against Defendant Lekic and/or Defendant Tudor or any of its parents, subsidiaries, divisions, affiliates, joint ventures, alliances, associations, franchise agreements and partnerships, or other restaurants owned and operated by Lekic.

**Document Request No. 35:** Documents concerning current and former employees who worked for Defendants as a cook or in a similar position during the Relevant Time Period and that identify the following information: name, last known mailing address, all known email addresses, all known mobile and home telephone numbers, each employee's primary language, dates of employment, and their rates of pay.

## INTERROGATORIES

1. Identify all persons with knowledge of the allegations in pleadings in this matter.

2. Identify all persons who worked directly with Plaintiffs - - whether as an employee, coworker, supervisor, contractor, or otherwise.

3. Identify all persons with knowledge of Plaintiffs' job duties.

4. Identify all persons who worked or worked for Defendants as a cook during the Relevant Time Period by providing their individual name, last known mailing address, all known email addresses, all known mobile and home telephone numbers, each employee's primary language,

11

dates of employment, and their rates of pay.

5. Identify all persons who possess documents relating to Plaintiffs' employment with Defendants.

6. Identify all persons who were involved in setting compensation policies and/or changing compensation policies for Tudor's employees.

7. Identify all persons with decision making authority to hire and fire Tudor's employees.

8. Identify all persons who supervised Plaintiffs.

9. Identify all persons who made the decision to hire Plaintiffs, set their schedules and their pay.

10. Identify all person who issued payments to Plaintiffs on behalf of Defendants.

Dated: New York, New York
July 20, 2020

                      Respectfully,

                      BORRELLI & ASSOCIATES, P.L.L.C.
                      *Attorneys for Plaintiffs*
                      655 Third Avenue, Suite 1821
                      New York, New York 10017
                      Tel.   (212) 679–5000
                      Fax.  (212) 679–5005

By: _____
     CAITLIN DUFFY, ESQ.

## CERTIFICATE OF SERVICE

I, Caitlin Duffy, Esq., hereby certify that on this date, July 20, 2020, a true and correct copy of the foregoing PLAINTIFFS' CORRECTED FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES was served *via* and Electronic and First Class Mail on the following:

>MICHAEL D. SIEGEL, ESQ.
>SIEGEL & SIEGEL, P.C.
>One Penn Plaza, Suite 2414
>New York, New York 10119
>Email: sieglaw@optonline.net

_____
CAITLIN DUFFY, ESQ.